UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUANITA SOUTAR, | ) | NO. CV 08-2491-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is denied, Defendant's motion for remand is granted, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on April 15, 2008, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on June 26, 2008. Plaintiff filed a motion for summary judgment on October 24, 2008.

Defendant filed a motion for remand on January 30, 2009. Plaintiff failed to file a response to Defendant's Motion within the allotted time. See Minute Order, filed February 2, 2009. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed April 16, 2008.

## BACKGROUND

This Court previously remanded Plaintiff's disability claim for further administrative proceedings concerning Plaintiff's obesity. On remand, the Administrative Law Judge ("ALJ") received additional evidence, addressed Plaintiff's obesity, but again found Plaintiff not disabled (Administrative Record ("A.R.") 328-39). The Appeals Council declined to assume jurisdiction (A.R. 317-19).

Plaintiff's motion alleges that the ALJ committed three types of errors: (1) failing to state adequate reasons for rejecting the opinion of Dr. Liu, a treating physician; (2) failing to analyze or explain properly the issue of whether Plaintiff met or equaled listing 1.02; and (3) failing to state adequate reasons for rejecting the credibility of Plaintiff's testimony regarding the severity of her pain.

Defendant contests few if any of Plaintiff's allegations of error, but argues that the appropriate remedy is an order remanding the matter for further administrative proceedings. Plaintiff argues that the appropriate remedy is an order requiring the immediate payment of disability benefits.

**DISCUSSION**

When there exists error in an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). In this Court's view, the instant case does not present one of the "rare circumstances" in which an order for the immediate payment of disability benefits is appropriate. Plaintiff's entitlement to disability benefits remains uncertain, and additional administrative proceedings could remedy the defects in the most recent administrative decision.

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in

3

INS v. Ventura, 537 U.S. 12, 16 (2002),[1] the Harman holding does not direct reversal of the present case. Here, there exist "outstanding issues that must be resolved before a determination of disability can be made." Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinions of Dr. Liu credited.

Contrary to Plaintiff's argument, it is not certain Plaintiff has carried her burden of proving that she meets or equals listing 1.02. See Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing."). In particular, the state agency physician's opinion that Plaintiff should "avoid walking on grossly uneven surfaces" (A.R. 151) does not necessarily equate to a finding of an "inability to walk a block at a reasonable pace on rough or uneven surfaces," within the meaning of the listings. See Listings 1.00, 1.02.

With regard to any alleged failure adequately to evaluate Plaintiff's credibility, again, remand for further proceedings is an appropriate remedy. See Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option (and the "crediting as true" rule is not mandatory) where the ALJ stated insufficient reasons for rejecting a claimant's excess pain testimony); but see Lingenfelter v. Astrue, 504 F.3d 1028, 1041 n.12 (9th Cir. 2007) (appearing to suggest that

---

[1] The Ninth Circuit has continued to apply Harman despite INS v. Ventura. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

4

remand is not an option, but failing to cite Connett v. Barnhart); see also Vasquez v. Astrue, 547 F.3d 1101, 1106-08 (9th Cir. 2008) (noting but not resolving the intra-circuit conflict).

The Court is mindful of the fact that the Court remanded this matter once before. Contrary to Plaintiff's argument, however, it does not appear that the most recent administrative decision failed to "analyze Ms. Soutar's obesity consistent with the courts [sic] April 2007 remand order . . ." (Plaintiff's Motion at 10). The instant case does not present a situation in which the Administration made the same mistake twice, or a situation in which further administrative proceedings would only delay the inevitable receipt of disability benefits.

**CONCLUSION**

For all of the foregoing reasons, the Court orders the relief proposed at page 2, line 2 through page 3, line 3 of Defendant's Motion, filed January 30, 2009.

IT IS SO ORDERED.

DATED: February 23, 2009.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

5